UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOY TREMBLAY,

    Plaintiff,

v.                                                                      Case No. 8:20-cv-2479-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

    The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Social Security Income (SSI) and Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

    The Plaintiff was born in 1971, has a college education, and has past relevant work experience as an elementary school teacher. (R. 34, 131, 194). In May 2017, the Plaintiff applied for SSI and DIB, alleging disability as of November 2015 due to anxiety, insomnia, migraines, panic disorder, depressive disorder, post-traumatic

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, replacing the former Commissioner, Andrew M. Saul. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Mr. Saul as the Defendant in this suit.

stress disorder (PTSD), temporomandibular joint dysfunction-related conditions, a history of severe concussions and post-concussion syndrome, bulging and herniated cervical discs causing chronic pain, and severe tension headaches associated with high blood pressure. (R. 194–95, 205–06). The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. (R. 203, 214, 230, 243).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in February 2019. (R. 126–59, 276–77). The Plaintiff was represented by counsel at that proceeding and testified on her own behalf. (R. 126, 129–52). A vocational expert (VE) also testified. (R. 152–58).

In a decision issued in September 2019, the ALJ determined that the Plaintiff (1) had not engaged in any substantial gainful activity since her alleged onset date in November 2015; (2) had the severe impairments of PTSD, obesity, hypertension, panic disorder, migraine headaches, concussion syndrome, somatoform disorder, major depressive disorder, generalized anxiety disorder, degenerative disc disease, and degenerative joint disease; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listings;[2] (4) had the residual functional capacity (RFC) to perform a reduced range of light work

---

[2] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA considers significant enough to prevent a person from performing any gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. *Id.*; *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

2

subject to certain physical and mental limitations; and (5) based on the VE's testimony, could not engage in her past relevant work but was capable of making a successful adjustment to other jobs that exist in significant numbers in the national economy. (R. 21–36). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 36).

The Appeals Council denied the Plaintiff's request for review. (R. 1–4). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[4] Under this process, an ALJ must assess whether the claimant: (1)

---

[3] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). Although the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278–79 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the proper legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S.

4

\_\_\_, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks and citations omitted).  In evaluating whether substantial evidence bolsters the Commissioner's decision, a court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence."  *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)).  While a court will defer to the Commissioner's factual findings, it will not defer to her legal conclusions.  *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

III.

The Plaintiff's sole challenge on appeal is that the ALJ erred at step four by failing to properly account for her somatoform disorder.  (Doc. 30 at 18–24).  After careful review of the parties' submissions and the record, the Court finds that the Plaintiff's challenge has merit.

As noted above, the ALJ's task at step four is to determine a claimant's RFC and her ability to perform her past relevant work.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945.  To do so, an ALJ must decide based upon all of the relevant evidence before him what a claimant can do in a work setting despite any physical or mental restrictions caused by her impairments and related symptoms.  *Id.* §§ 404.1545(a)(1), 416.945(a)(1).  In making this assessment, the ALJ must review the medical opinions of record, as well as all the claimant's medically determinable impairments and the total limiting effects of each.  *Id.* §§ 404.1520(e), 404.1545(a)(3), 416.920(e), 416.945(a)(3); *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

The evaluation of a claimant's subjective complaints of pain and other symptoms is governed by the Eleventh Circuit's "pain standard." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). Under this standard, a claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Id.* (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam)).

If a claimant meets the pain standard, the ALJ must then assess the intensity and persistence of the claimant's symptoms to determine how they restrict her capacity to work. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The considerations relevant to this analysis include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate her pain or other symptoms; (5) treatment (other than medication) the claimant receives or has received for relief of her pain or other symptoms; (6) any measures the claimant uses or has used to relieve her pain or other symptoms; and (7) other factors concerning the claimant's functional limitations due to pain or other symptoms. *Id.*

After evaluating "a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed [on appeal] for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam) (citing

*Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). The ALJ, however, "need not cite particular phrases or formulations" in performing this assessment, so long as the reviewing court can be satisfied that the ALJ "considered [the claimant's] medical condition as a whole." *Chatham v. Comm'r of Soc. Sec.*, 764 F. App'x 864, 868 (11th Cir. 2019) (per curiam) (internal quotation marks and citation omitted); *see also Stowe v. Soc. Sec. Admin., Comm'r*, ___ F. App'x ___, 2021 WL 2912477, at *4 (11th Cir. July 12, 2021) (per curiam) (explaining that if an ALJ does not identify specific and adequate reasons for rejecting a claimant's pain testimony, "the record must be obvious as to the [ALJ's] credibility finding") (citing *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995) (per curiam)). A reviewing court will not disturb a clearly articulated credibility finding made by an ALJ that is buttressed by substantial evidence. *Foote*, 67 F.3d at 1562 (citation omitted).

In this case, the ALJ discussed at step four various portions of the record and the Plaintiff's hearing testimony that she suffered from disabling pain. (R. 27). As the ALJ summarized:

> Throughout the record, the [Plaintiff] alleges disability based on the symptoms of her physical impairments and the limiting effects thereof, including knee and back pain, numbness in her arms and legs, difficulties sleeping, and problems bending, pushing, lifting, sitting, standing, and walking (Hearing Testimony; 8E/7). More specifically, the [Plaintiff] reported that she lies in a reclined position for most of the day and that she avoids sitting or walking excessively, as it exacerbates the pain. (Hearing Testimony; 8E/7). Moreover, the [Plaintiff] alleges that she has experienced a migraine or headache each day for two whole years, that each migraine could last for months at a time, and that the combination and intensity of the migraines or headaches varies. (8E/7[)]; Hearing

7

Testimony). She also reports that her migraines and headaches cause tinnitus and blurry vision. (8E/7).

*Id.* As further evidence of the extent of the Plaintiff's pain, the ALJ commented later in his step four analysis that at a physical therapy appointment, the Plaintiff's provider noted the Plaintiff engaged in muscle guarding and fear avoidance behavior with all spinal motions. (R. 29) (citation omitted).

The ALJ referenced these complaints in his decision, along with the Eleventh Circuit's pain standard and his duty to account for "all symptoms and the extent to which th[o]se symptoms [could] reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the [applicable legal requirements]." (R. 27) (citing of 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 16-3p, 2016 WL 1020935 (Mar. 16, 2016)). The ALJ also rendered the following express credibility determination regarding the Plaintiff's reported symptoms:

> [T]he [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence[,] and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(R. 28).

In support of this assessment, the ALJ conducted a review of the Plaintiff's objective medical records, concluding that they were "partially consistent with the [Plaintiff's] testimony that she experiences migraines, headaches, back pain, and left knee pain." (R. 29). The ALJ then qualified this conclusion by stating that this

8

evidence "d[id] not support a finding that the [Plaintiff's] limitations [were] as severe as [she] alleged." *Id.*

The Plaintiff now argues that the ALJ erred by not considering the restrictions imposed by her somatoform disorder. (Doc. 30 at 18–24). To better understand this argument, some background regarding somatoform disorder is necessary.

Sometimes known as somatization disorder or somatic symptom disorder, somatoform disorder is a mental ailment which is characterized by "the presence of physical symptoms that suggest a general medical condition [but that] are not fully explained by a general medical condition." *Hebermehl v. Astrue*, 2008 WL 4405049, at *7 n.32 (M.D. Fla. Sept. 26, 2008) (internal quotation marks and citation omitted). Somatoform disorder has also been described as "the conversion of an emotional, mental[,] or psychosocial problem to a physical complaint." *Smorto v. 3DI Techs. Inc.*, 393 F. Supp. 2d 1304, 1306 n.5 (M.D. Fla. 2005). In short, somatoform disorder is a mental impairment that causes "physical distress of [a] psychological origin." *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07).[5]

---

[5] At least one court in this District has found somatoform disorder to be akin to conversion disorder. *See Orlando v. Comm'r of Soc. Sec.*, 2017 WL 4325396, at *5 n.4 (M.D. Fla. Sept. 29, 2017) (observing that "somatization" and "conversion" appear to be synonymous terms in this context). As the court in *Orlando* explained:

> [C]onversion disorder[ ] is a condition in which psychological stress is shown in physical ways, typically affecting movement or senses, such as the ability to walk, swallow, see, or hear. Conversion disorder . . . causes symptoms or deficits affecting voluntary motor or sensory functioning and suggesting physical illness but produced by conversion, as a person's anxiety is converted into any of a variety of somatic

In this case, the ALJ found the Plaintiff's somatoform disorder constituted a severe impairment and sporadically alluded to that condition in his decision. That said, it is not at all clear whether and to what extent the ALJ considered this ailment in determining that the Plaintiff's complaints were not entirely credible. As noted previously, all that the ALJ offered in his decision was that the clinical evidence only "partially" buttressed the Plaintiff's symptoms. (R. 29). The problem with this finding is that given the nature of the somatization disorder, it begs the question as to whether the Plaintiff "actually believe[d] that she [was] suffering from disabling medical conditions [at the time she complained of being in pain] even though such medical conditions [were] illusory or less severe." *Bright-Jacobs v. Barnhart*, 386 F. Supp. 2d 1295, 1333 (N.D. Ga. 2004).

This distinction is important because "[i]f pain is disabling, the fact that its source is purely psychological does not disentitle [a claimant] to benefits." *Carradine*, 360 F.3d at 754. As the court in *Carradine* stated:

> Pain is always subjective in the sense of being experienced in the brain. The question whether the experience is more acute because of a psychiatric condition is different from the question whether [a claimant] is pretending to experience pain, or more pain than she actually feels. The pain is genuine in the first, the psychiatric case, though fabricated in the second. The [court] cases involving somatization recognize this distinction.

*Id.* at 754–55.

---

symptoms such as blindness, deafness, or paralysis, none of which have any organic basis.
*Id.* at 5 (internal quotation marks and citations omitted).

Notably, the ALJ makes no mention at step four of the possible impact the Plaintiff's somatoform disorder may have had on the pain she reported both to her medical providers and to the ALJ at the hearing. Indeed, the ALJ does not meaningfully discuss this impairment at all. The Court therefore cannot glean from the ALJ's decision whether his credibility finding was predicated upon a finding that the Plaintiff was exaggerating her symptoms or upon a determination that she truly believed she suffered from the pain she described. Because the ALJ failed to sufficiently address "whether the alleged medical problems were real to the [Plaintiff]," *Bright-Jacobs*, 386 F. Supp. 2d at 1333, reversal and remand is warranted, *Stowe*, 2021 WL 2912477, at *4 ("Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.") (citing *Foote*, 67 F.3d at 1561–62); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019) (stating that the ALJ's "failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal" in its own right) (citing *Keeton*, 21 F.3d at 1066). A number of courts that have addressed this issue have reached the same conclusion. *See, e.g., Carradine*, 360 F.3d at 755–56 (reversing and remanding the action where the ALJ failed to properly account for "the possibility that the pain was indeed as severe" as the plaintiff with somatization disorder reported it to be); *Orlando*, 2017 WL 4325396, at *8 (reversing and remanding because the ALJ never considered that her reason for discrediting the plaintiff— namely, the plaintiff's exaggeration of her symptoms—may have been indicative of

11

the plaintiff's somatization/conversion disorder itself and collecting cases); *Bright-Jacobs*, 386 F. Supp. 2d at 1333 (reversing and remanding where the ALJ did not properly evaluate the credibility of the plaintiff who suffered from somatization disorder, noting that "the ALJ must determine whether the claimant actually believes she suffers from the enumerated severe disabling medical conditions") (internal citations omitted); *Fleming v. Comm'r of Soc. Sec.*, 2016 WL 4890218, at *9–10 (M.D. Fla. Sept. 16, 2016) (reversing and remanding where the ALJ did not appropriately assess the credibility of the plaintiff who had been diagnosed with a conversion and/or somatization disorder because it was unclear whether the ALJ considered the possible effects of that disorder).

On remand, the Commissioner must properly take into account the Plaintiff's somatoform disorder in evaluating her credibility and her RFC, including taking any necessary steps to complete the administrative record. *See Orlando*, 2017 WL 4325396, at *8 (citing *Fleming*, 2016 WL 4890218, at *9). The Court, however, expressly declines to make any findings as to the Plaintiff's credibility at this juncture. *Id*. (citing *Carradine*, 360 F.3d at 756; *Fleming*, 2016 WL 4890218, at *8–9).

IV.

In light of all the above, it is hereby ORDERED:

1. The Commissioner's decision is reversed, and the case is remanded for further proceedings before the Commissioner consistent with this Order.

2. The Clerk of Court is directed to enter Judgment in the Plaintiff's favor and to close the case.

3. The Court reserves jurisdiction on the question of attorney's fees and costs pending a further motion that conforms to the District's Standing Order. *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (Doc. 43) (Dec. 7, 2021).

SO ORDERED in Tampa, Florida, this 8th day of November 2022.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record